177 So.2d 907

### TAXPAYERS AND CITIZENS OF the CITY OF MOBILE

v.

### WATER WORKS BOARD OF the CITY OF MOBILE.

1 Div. 212.

Supreme Court of Alabama.

Aug. 12, 1965.

S. P. Gaillard, Jr., Mobile, for appellee.

COLEMAN, Justice.

The Water Works Board of the City of Mobile, sometimes hereinafter called the board, brought this proceeding under the provisions of Act. No. 859; Acts of 1953, Vol. II, page 1148; to validate certain water revenue bonds which the board proposes to issue. The trial court validated and confirmed the bonds. The Taxpayers and Citizens of the City of Mobile have appealed.

Appellants state in brief:

"Appellants admit the right of the Water Works Board of the City of Mobile to issue the bonds of Series 1965 which are referred to in the Petition for Validation and admit that they conform to the terms and conditions of the issuance set forth in the Trust Agreement dated as of June 1, 1962, with Sears Bank and Trust Company, as Trustee."

It thus appears that appellants do not challenge the validity of the revenue bonds and that question is not before us.

Carl M. Booth, Circuit Sol., Mobile, for appellants.

In addition to validation of the bonds, the board prayed that the court validate

and confirm certain contracts executed by the board and the Board of Water and Sewer Commissioners of the City of Mobile. This latter body will sometimes be referred to as the commissioners. The contracts provided for the transfer and conveyance, by the board to the commissioners, of certain water systems owned and operated by the board. The trial court confirmed and approved the contracts and the conveyance of the water systems.

Appellants argue that the court erred: first, in holding that the board has power to convey its water systems to the commissioners; second, in holding that the commissioners have power to purchase and pay for the water systems; and, third, in holding that the contract provided for an adequate consideration for the conveyance of the water systems.

Appellants state in brief that the board is a body created under Title 37, §§ 394–402, Code 1940. Said §§ 394–402 constitute Article 5 of Chapter 7 of Title 37.

Appellants further state that the commissioners are a body created under Act No. 775; 1951 Acts, Vol. II, page 1359; see 1958 Recompilation, Code 1940, Title 37, § 402(28) et seq. Section 6 of Act No. 775 recites in part:

"Section 6. TRANSFER OF EXISTING PROPERTIES.—The Council of any City which shall have theretofore created a Board of Water and Sewer Commissioners and the Water Works Board of any such City which shall have theretofore been formed under the provisions of Title 37, Chapter 7, Article 5 of the Code of Alabama of 1940, are each hereby authorized and empowered, without the necessity of authorization of an election by the qualified voters of said city, to transfer and convey to such Board of Water and Sewer Commissioners all or any part of any water system or sewer or both such systems then owned and operated by such City or by such Water Works Board for such considerations and upon such terms and conditions as may be mutually agreed upon; . . . ."

■ To the contention that the board cannot convey and the commissioners cannot purchase, we think it sufficient answer that the board was formed under Article 5 of Chapter 7, Title 37, Code 1940, and that Act No. 775 provides that such a board is "authorized and empowered, without the necessity . . . . of an election . . to transfer and convey to such Board of Water and Sewer Commissioners all or any part of any water system . . . . then owned and operated by such . . Board . . . ."

As to the contention that the agreed consideration is not adequate, appellants state in brief that the consideration is an agreement on the part of commissioners to assume all obligations of the board, including execution of all contracts and other commitments undertaken by the board, and an agreement by commissioners to pay all the operating costs of the board. Appellants further state that the annual operating costs of the board amount to $296,000.00.

■ Appellants say that under the statute, "Some consideration in addition to assuming all obligations is clearly indicated." We do not so read Section 6 of Act No. 775. The Act says the board may convey "for such considerations and upon such terms and conditions as may be mutually agreed upon," subject to the other provisions specified. If the legislature had intended to require such additional consideration, the legislature could and, we must assume, would have expressly so provided in the statute.

Error not being shown, the decree is due to be affirmed.

Affirmed.

LAWSON, GOODWYN, and HARWOOD, JJ., concur.